UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGENCY CLEANERS ENTERPRISES LLC,<br><br>                    Plaintiff,<br>    v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>                    Defendant. | CASE NO. C19-0040JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant Travelers Casualty Insurance Company of America's ("Travelers") notice of removal. (*See* Not. of Rem. (Dkt. # 1).) The court has reviewed the notice of removal, the complaint, the amended complaint, and Plaintiff Regency Cleaners Enterprises, LLC's ("Regency") corporate disclosure statement (Plf. CDS (Dkt. # 6)) and finds that Travelers has failed to provide an adequate basis for

subject matter jurisdiction over this action. The court therefore orders Travelers within seven (7) days of the date of this order to serve and file a submission as described below.

The removal statute is strictly construed against removal jurisdiction, and a removing defendant bears the burden of establishing grounds for federal subject matter jurisdiction in the case. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In its notice of removal, Travelers invokes the court's diversity jurisdiction. (Not. of Removal at 2-3 (citing 28 U.S.C. § 1332).) A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Travelers states that it is "a corporation organized and duly registered under the laws of the state of Connecticut, having its principle place of business in Hartford, Connecticut." (Not. of Removal at 2.) Travelers further states that Regency is "a corporation organized and duly registered under the laws of the state of Washington, having its principal place of business in King County, Washington. (*Id.*) However, Regency does not appear to be a corporation, but rather a limited liability company. (*See* Plf. CDS.) Indeed, in its corporate disclosure statement Regency states that "Shallina Lakhani, Shabana Ahmad, and Kamal Uddin are members of Regency Cleaners Enterprises, LLC." (*Id.* at 1.)

//

For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson*, 437 F.3d at 899; *see also* Local Rules W.D. Wash. LCR 8(a). Travelers has failed to allege the domicile or citizenship of each of Regency's members—specifically, Shallina Lakhani, Shabana Ahmad, and Kamal Uddin. Absent representations concerning the citizenship of all of Regency's members, the court cannot determine if Travelers has properly invoked this court's subject matter jurisdiction.

Accordingly, the court ORDERS Travelers to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. If Travelers fails to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this action to state court. Regency may, but is not required to, respond to the court's order to show cause within the same timeframe.

Dated this 26th day of February, 2019.

JAMES L. ROBART
United States District Judge